UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES BACON,<br>   Plaintiff,<br>  v.<br>JOHN MARTIN LAVASSE, et al.,<br>   Defendants. | Case No. 24-cv-08077-JCS<br><br>**REPORT & RECOMMENDATIONS** |

## I. INTRODUCTION

Plaintiff has filed an Application to Proceed in Forma Pauperis ("Application") in this case and has declined the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). The Court has reviewed the Application and finds that Plaintiff is indigent. Therefore, the Court reassigns this case to a district judge with the recommendation that the Application be granted. The Court further recommends that the case be dismissed with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires that the Court review a plaintiff's complaint where it has granted a request to proceed in forma pauperis.

## II. THE COMPLAINT

Plaintiff filed the complaint in this action on November 18, 2024, along with twenty exhibits, all of which are affidavits by Plaintiff. On December 3, 2024, he filed Exhibits 22-27, which are described as Volumes 1-6 of "LISTS OF VIOLATIONS OF LAWS LOCAL STATE FEDERAL CONSTITUTIONAL INTERNATIONAL." Dkt. nos. 5-6 ("December 3 exhibits"). The December 3 exhibits are a compendium of over one hundred federal and state statutes that Plaintiff apparently seeks to assert claims under in this action. It also contains documents issued by an "International Common Law Court of Justice[,']" including what purport to be arrest

warrants.

Plaintiff names the following individuals as defendants: 1) John Martin LaVasse, General Manager of 0955 Safeway Inc., 2600 Willow Pass Road, Concord, California; 2) Oscar Orozco, UFCW5 Union Local 5 Secretary-Treasurer, UFCW5 Headquarters,, 28870 Mission Blvd., Hayward, CA 94544; 3) Chris Day, District 10 Manager, Safeway Inc., 5918 Stoneridge Mall Road, Pleasanton, California 94588; 4) Sarah Diane Youngblood-Bates, [California State Bar] No. 244304 c/o Albertson's Companies, Inc., 2828 Camino Segura, Pleasanton, California 94566; and 5) Vivek Sankaran, President c/o Albertson's Companies, Inc., 250 E. Parkcenter Blvd., Boise, Idaho 83706.

The complaint is lengthy and convoluted, with "disclaimers", "notices" and "demands" interspersed throughout. The complaint states that it is a "CLASS ACTION SUIT FOR GROCERY WORKERS WORLDWIDE." Compl. at 7. Based on its review of the Complaint, the undersigned gleans the following alleged facts. On March 1, 2019, Plaintiff was hired to work at the 0955 Safeway Store by its general manager, John LaVasse. Compl. at 28; dkt. no. 1-19 (Complaint Exhibit) at ECF p. 8. Union representative Oscar Orozco instructed Plaintiff to fill out union membership forms, telling him that union membership was required for Plaintiff's new job at Safeway. Compl. at 10. Due to the "hard full time work" of his Safeway job, Plaintiff was "late with [his] paperwork" and so on March 18, 2019 Orozco filled the forms out for Plaintiff and forged Plaintiff's signature on them. *Id.* As a result, union dues and membership fees were deducted from Plaintiff's paycheck without his consent. *Id.* Plaintiff alleges that he "raised concerns and complained about this, as [he] knew that since April 2018, Union membership in California was no longer required by Law." *Id.* He also complained that the union benefits he paid for "seemed to be . . . fake/false, and [he] received no gain or 'benefit' from these." *Id.* at 8.

Plaintiff alleges that at some point, he "began to notice and complain about [his] hours of work disappearing and going unpaid." *Id.* at 6. He alleges that he "was the first person to discover that the downstairs time-clock at 0955 Safeway Inc. was not in any way synced to the upstairs time-clock." *Id.* Because he "would sign in on one time-clock, and later sign out using the other time-clock" he "lost maybe a hundred hours over all[.]" *Id.*

1      Plaintiff alleges that on June 19, 2020, LaVasse announced an "official mask mandate" in response to the COVID-19 pandemic, which Plaintiff alleges is a "fraud." *Id.* at 14, 28. According to Plaintiff, LaVasse was acting under "color of state law" because the mask mandate was issued under a California state regulation. *Id.* Plaintiff alleges he was "coerced" into wearing a mask in violation of his constitutional rights and that masks have been proven to be ineffective and unhealthy. *Id.* at 31. Plaintiff alleges that he was forced to wear a mask that covered his nose and mouth even though he told his managers that he could not do so because he had a disability. Dkt. no. 1-8 at ECF p. 12.

On November 1, 2020, LaVasse began requiring that employees submit to a temperature check using an infrared laser machine; according to Plaintiff, the machine used facial recognition and was used for "[b]iometric harvesting." Dkt. no. 1-5 (Complaint Exhibit) at ECF p. 10. Plaintiff avoided having his temperature taken with this machine for 19 days, at which point LaVasse told Plaintiff that if he did not "use the machine[,]" LaVasse would be forced to walk [Plaintiff] to the door and send [him] home. *Id.* Plaintiff told LaVasse that using the temperature machine was against his religion and he would not comply. Dkt. no. 1-8 (Complaint Exhibit) at ECF p. 18. He also told LaVasse that COVID-19 was a "hoax and a power-play" aimed at "enslav[ing]" Safeway's employees. *Id.* LaVasse told Plaintiff to leave and not to return to work until he was ready to comply the requirement that he use the temperature machine every day. *Id.*

On February 12, 2021, Plaintiff was sent a notice of termination from his Safeway job. Compl. at 12. The termination letter was signed by District 10 manager Chris Day. *Id.*

Plaintiff alleges that on August 11, 2021, Safeway attorney Sarah Youngblood-Bates falsified documents, apparently in connection with an EEOC investigation,[1] claiming that Plaintiff was not fired but had quit his job at Safeway. *Id.*

In the body of the Complaint, Plaintiff asserts the following civil claims:

1) Violation of 42 U.S.C. § 1983 and right to procedural due process against unspecified

---

[1] In his in forma pauperis application, Plaintiff states that he filed a related action with the EEOC. The complaint and supporting exhibits do not, however, include any allegation relating to an EEOC claim or investigation. Nor does the complaint allege that Plaintiff ever received a right-to-sue letter from the EEOC. *See* dkt. no. 2.

3

1   "Defendant" based on allegation that "Defendant has labeled Plaintiff as a
2   communicable disease threat without a medical license and without medical basis and
3   as a result coerced Plaintiff to wear a mask[;]" and that Plaintiff was "refused further
4   employment services at Willow Pass Safeway" and "discriminated against . . because
5   of this perceived disability." Compl. at 29-30.

2) Violation of 42 U.S.C. § 1983 and right to substantive due process against unspecified "Defendant" based on allegation that he was deprived of a liberty interest by being forced to wear a mask. Compl. at 30-32.

3) Violation of 42 U.S.C. § 1983 and right to equal protection against unspecified "Defendant" based on allegation that defendant's "mask coercion" "forces non-consenting healthy people into the use of a medical product and face burdens to their medical privacy and ability to breath, but it allows similarly situated healthy people in the same businesses and locations to obtain service because they have submitted to a medical procedure by an unlicensed professional which is unable to provide any infections protections whatsoever." Compl. at 32-33.

4) Violation of 42 U.S.C. § 1983 and right to "breathe freely" under the Ninth Amendment against unspecified "Defendant" based on allegation that "mask coercion exhibited by Defendant provided no reasonable basis to restrict Plaintiffs breathing in order to obtain service in the public accommodation Defendant manages." Compl. at 33.

5) Violation of Cal. Bus. & Prof. Code section 2052 against unspecified "Defendants" based on alleged "practicing medicine without a license" "by forcing a mask on Plaintiff . . . for perceived, unnecessary medical reason." Compl. at 34-36.

6) Claim that appears to seek a declaration that "the mask mandate [is] unconstitutional under the United States Constitution and corresponding separation of powers clause of the California Constitution." This claim is based on the allegation that "[t]he current perceived Mask Mandate issued by the California State Department of Health, unbalances this constitutional framework by allowing the executive branch to issue

4

directives with the force of law without proper delegation from the legislature." Compl. at 36-37.

Plaintiff also demands that a grand jury be empaneled to address the following criminal claims:

1) 18 U.S.C. § 241 "Conspiracy Against Rights" based on alleged conspiracy to violate "right to peaceably assemble and be free from discrimination in a public place" by unspecified defendants. Compl. at 37-39.

2) Cal. Civ. Code section 52.1 "Coercion in the Third Degree" based on allegation that an unspecified defendant has "used mask coercion to force Plaintiff to engage in conduct which Plaintiff has a legal right to abstain from engaging in." Compl. at 39-40.

3) Cal. Penal Code section 646.9 "Aggravated Harassment in the Third Degree" based on allegation that unspecified defendants "on March 2021, communicated by mail a threat to cause unlawful harm to the Property of Plaintiff, and further communicated by mail with EDD Unemployment, using deception and forgery, caused serious loss to the Plaintiff, essentially blocking [his] unemployment award for three years, by lying about [Plaintiff's] Status." Compl. at 40-41.

4) Cal. Penal Code section 422.6 "Hate Crime Via California Civil Code § 52.1" based on alleged "coercion in the third degree" on Plaintiff on November 19, 2020 "committed [ or intended to be committed], in whole or insubstantial part because of belief or perception regarding the disability of Plaintiff." Compl. at 41.

5) "Practicing Medicine Without a License" based on allegation that unspecified defendants "are diagnosing Plaintiff based on perceived Vax. Status and determining that he is a communicable threat and administering treatment requiring him to wear a mask and segregate without a license to practice medicine." Compl. at 42.

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:

5

(1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). In addition, the Court must dismiss a complaint where no basis for federal jurisdiction is apparent from the allegations. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the

6

1  litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d

2  1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant

3  will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th

4  Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.  Discussion**

As a preliminary matter, the Court must address whether there is federal jurisdiction over Plaintiff's complaint. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists where all plaintiffs are citizens of different states from all defendants and at least $75,000 is in controversy. Based on the allegations in the Complaint, it appears that Plaintiff and all but one of the named defendants reside in California and therefore, that there is no diversity jurisdiction. For the reasons set forth below, the undersigned also concludes that Plaintiff has not stated any viable federal claims and therefore, that Plaintiff has not established that there is federal jurisdiction on the basis of a federal question.[2]

**1.  Section 1983 Claims**

Plaintiff asserts four claims under 42 U.S.C. § 1983 based on allegations that Defendants forced him to wear a face mask as an employee at a Safeway store under California's COVID-19 mask mandate and terminated him when he refused to do so. These claims fail because Plaintiff has not alleged any state action, as is required to state a claim under 42 U.S.C. § 1983.

Section 1983 provides that "[e]very person who, under color of any state statute" deprives a U.S. citizen or person within the jurisdiction of the United States of "any rights, privileges, or immunities secured by the Constitution and laws" is "liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "Section 1983 does not

---

[2] Because Plaintiff has not stated any federal claims, the Court does not consider whether Plaintiff has adequately pled any state law claims or whether the Court should exercise supplemental jurisdiction over those claims.

7

1 create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by
2 governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  A plaintiff
3 bringing a claim under § 1983 must show that: "(1) the action occurred 'under color of state law'
4 and (2) the action resulted in the deprivation of a constitutional right or federal statutory right."
5 *Id*. at 934 (citation omitted).

6    Courts in the Ninth Circuit have found that businesses and their employees who enforce a
7 mask mandate under state law are not state actors. *See Kiss v. Best Buy Stores*, No. 3:22-CV-
8 00281-SB, 2022 WL 17480936, at *3 (D. Or. Dec. 6, 2022), aff'd sub nom. *Kiss v. Best Buy
9 Stores, Ltd. P'ship*, No. 23-35004, 2023 WL 8621972 (9th Cir. Dec. 13, 2023) (holding that Best
10 Buy and Best Buy managers who required the plaintiff to wear a mask as a Best Buy employee
11 were not state actors for purposes of 42 U.S.C. § 1983); *Reinbold v. Alaska Airlines*, No. 3:23-CV-
12 00087-JMK, 2024 WL 553552, at *7 (D. Alaska Feb. 12, 2024) (Dismissing claims under 42
13 U.S.C. § 1983 based on enforcement of airline's masking policies, because "neither airlines, nor
14 their personnel, are state actors subject to suit under § 1983").   In *Kiss*, the court considered
15 whether the state action requirement was met under all four of the tests that have been employed
16 by the Ninth Circuit, namely, "(1) public function; (2) joint action; (3) governmental compulsion
17 or coercion; and (4) governmental nexus." 2023 WL 8621972, at *3.  The undersigned finds that
18 the conclusion of the *Kiss* case applies to this matter:   none of these state action tests points to the
19 conclusion that a store or its managerial employees who enforce a masking policy pursuant to a
20 state mandate are state actors under Section 1983.  Therefore, Plaintiff fails to state a claim against
21 any of the Safeway or Albertson employees named as defendants.

22    The Court further finds that there are no allegations as to the only other defendant, Orozco,
23 suggesting any involvement in the conduct that appears to be the basis of these claims, namely, the
24 enforcement of Safeway's masking policy.  Nor is there any allegation suggesting that Orozco is a
25 state actor. Therefore, Plaintiff also fails to state a claim under Section 1983 as to that defendant.

26    **2.  Declaratory Relief Claim**

27    Plaintiff asserts a claim for declaratory relief, which the Court construes as a claim under
28 28 U.S.C. § 2201.  Section 2201 provides that "[i]n a case of actual controversy within its

8

1  jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations
2  of any interested party seeking such declaration, whether or not further relief is or could be
3  sought." A party seeking declaratory relief must show that: 1) there is an actual controversy, *see*
4  *Maryland Cas. Co. v. Pacific Coal and Oil Co*., 312 U.S. 270, 273 (1941); and 2) the controversy
5  falls within the court's subject matter jurisdiction. *See Calderon v. Ashmus*, 523 U.S. 740, 745
6  (1998). With respect to the latter requirement, the Declaratory Judgment Act creates a remedy but
7  is not itself an independent basis for federal jurisdiction. *See Skelly Oil v. Phillips Petroleum Co*.,
8  339 U.S. 667, 671 (1950). Thus, Plaintiff's declaratory relief claim does not establish federal
9  jurisdiction.

### 3. Criminal Claim

Plaintiff asserts numerous criminal claims, one of which is asserted under federal law for violation of 18 U.S.C. § 241. That statute prohibits the violation of an individual's civil rights but, as is generally true as to criminal statutes, does not provide a private cause of action or basis for civil liability. *In re Fordjour*, No. C 07-2981 MMC, 2007 WL 1725445, at *1 (N.D. Cal. June 14, 2007) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980)). Therefore, Plaintiff fails to state a claim under 18 U.S.C. § 241 and his claim under that section does not give rise to federal jurisdiction.

### 4. Rule 8

Plaintiff's complaint is also deficient to the extent that he has not provided "a short and plain statement" of his claims, as required under Rule 8 of the Federal Rules of Civil Procedure. As discussed above, Plaintiffs complaint is lengthy and rambling and it is unclear which defendant is being named for each of his claims. References in the complaint to, *inter alia*, faulty time clocks and associated lost wages, misconduct by a union representative and failure to receive union benefits, employment discrimination, disability discrimination and religious discrimination, along with the December 3 exhibits listing scores of statutes Plaintiff may be seeking to enforce (but which are not explicitly addressed in the body of the complaint) make it impossible for the undersigned to determine what claims Plaintiff seeks to assert against each defendant or whether Plaintiff might be able to plead a viable federal claim by amendment of his complaint.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that the district judge to whom this case is assigned grant Plaintiff's Application and dismiss Plaintiff's complaint for lack of federal jurisdiction under 28 U.S.C. § 1915(e). It is further recommended that Plaintiff be given 30 days from the date this Report and Recommendation is adopted to amend his complaint.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Plaintiff may file an objection to this recommendation no later than fourteen (14) days from the date on which they are served a copy of this Report and Recommendation.

Dated: December 27, 2024

JOSEPH C. SPERO
United States Magistrate Judge